THE WILMER S. NICKERSON.

STAPLES v. EVANS TRANSP. CORPO-
RATION et al.

No. 17205.

District Court, E. D. New York.

Jan. 31, 1945.

Mahar & Mason, of New York City (Frank Mason, of New York City, of counsel), for libellant.

Forest E. Single, of New York City, for Evans Transp. Corporation.

Daniel Miner, of New York City (Allen M. Taylor, of New York City, of counsel), for Schiavone-Bonomo Corporation.

GALSTON, District Judge.

The scow Nickerson, under charter to the Evans Transportation Corporation, arrived loaded with miscellaneous scrap iron at the plant of the Schiavone-Bonomo Corporation in Newtown Creek on December 28, 1943. Negligent unloading of the cargo, it is alleged, caused damage to the scow.

Competent testimony as to the seaworthiness of the scow leads to the conclusion that the deck planks and beams were in good condition prior to the arrival of the scow at the dock of the respondent corporation. The scow master described the loading on December 19, 1943 and his regular inspection of the scow. The same witness, who, I may say, impressed me as reliable and convincing, described the unloading operation by the employees of the Schiavone-Bonomo Corporation. The unloading equipment consisted of a crane with an electric magnet attached.

Careless operation of the apparatus caused the damage to the scow, for according to the scow master's testimony the magnet was dropped with very great force as it swung over the cargo. Despite the protests of the scow master to those in charge of the operation, as well as to an employee in the office of the respondent in the office yard, further damage was caused by the magnet as the unloading continued. The examination by the scow master of the damage is corroborated by an expert surveyor. Inspection of the deck planks and beams indicated the fresh damage.

By way of defense it is asserted that the three-inch deck of the Nickerson rendered her unfit for the carrying of the cargo, and also that there was some decay in the deck planks. The testimony shows that the scow had been employed on prior occasions, and indeed subsequently, without sustaining damage. The record does not sustain either defense. I conclude that the damage was caused by the negligence of the Schiavone-Bonomo Corporation. The liability of the charterer is secondary. The libellant is entitled to a decree accordingly.

Appropriate findings of fact and conclusions of law will be filed concurrently with this opinion.